## Illinois Central Railroad Co. v. Herman Winslow.

1. ORDINARY CARE—*Negligence in a Car Repairer.*—A car repairer who goes under a car standing upon the track for the purpose of repairing it without displaying signals as required by the rules of the company, relying upon another employe to protect him from moving engines, is guilty of negligence, and can not recover of the company for an injury received while so employed.

2. SAME—*Disobedience to Rules Intended for Safety to Employes.*— An employe of a railroad company who violates a rule designed for his protection and which would have prevented his injury if he had obeyed it, can not recover.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Kankakee County. The Hon. CHARLES R. STARR, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and reversed with a finding of facts. Opinion filed December 13, 1894.

WHEELER & HUNTER, attorneys for appellant.

EDWARD E. DAY, attorney for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee was a car repairer for the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, known as the "Big Four," which delivered its cars to appellant at Kankakee, Illinois, for transportation to Chicago and other points. At the junction of the two railroads at that place appellant provided a track upon which cars were so delivered to it. There were two main tracks and on each side of them were six tracks for use in that yard. The west track of all was a repair track where cars needing repairs were to be taken for that purpose. It was only connected with the other tracks at the north end and could only be entered from that direction. The second track west of the main tracks was the one on which cars were to be delivered to and received

by appellant, and was known as track number 2 on the west side. When cars were delivered by the Big Four on track number 2 they were inspected by appellant's car inspector before they were received, and any that were found out of order were rejected and marked with chalk. Those found out of order were then taken to the repair track and repaired by the Big Four, but slight repairs were made on track number 2. After being repaired they were again inspected and if found all right were received. On June 15, 1892, a car delivered by the Big Four on track number 2 was found out of order, needing two draw bolts. Appellee went under the car and was making the needed repairs on that track which was full of cars. An engine making up its train for Chicago went in at the north end on that track to get cars which it was required to take, and in its switching operations shoved the car being repaired over appellee. His leg was broken and ankle joint dislocated, and he sued appellant for the damage sustained, charging that appellant carelessly, negligently and knowingly ran the cars down to and against the car which he was repairing. There was a trial and he recovered $5,000.

There was very little dispute about the facts. Detleff Nevey was car inspector for the Big Four, and plaintiff worked under his direction. Dominick Jonas worked with plaintiff and was called his partner. They had been working on the repair track, and when the cars were put on track number 2, at the time of the accident, and were inspected, Nevey said that they would have to go to work and fix the cars. They both asked him to have the cars taken to the repair track, and Jonas refused to go under the cars or to obey his orders. Nevey told plaintiff that this was a little job and would not take long, and that it was proper to fix it there, and plaintiff made no further objection. The rules in force in the yard provided that when employes were inspecting or repairing cars that they did not wish moved, they must protect themselves by placing conspicuously a blue signal on both ends of the car, using a blue flag by day and a blue light by night, and that, when

necessary to make repairs on a car in a train, they must place blue signals on both ends of the train before commencing work. Plaintiff was familiar with the rules, and he took a blue flag and went to the south end of the line of cars and put it in the draw bar of the last car, at that end. He then told Nevey that he had put up the flag at the south end, and had none at the north end. It appears that Nevey then said that he would go up to the north end and attend to that end or look out for plaintiff, although Nevey denies that he made such a promise, and claims that he thought the job would be done by the time he got to the north end. Plaintiff knew that it was dangerous to go under the car without having the north end of the train flagged or watched, and would not have gone under it if Nevey had not agreed to watch that end. Jonas looked after some other things and then came to the car where plaintiff was and sat on the brake beam. Finally, when plaintiff asked for help, and told Jonas that he had a flag on the south end, and Nevey had gone to the north end and would take care of that, Jonas stepped down to help, and about that time the car was pushed over plaintiff. Nevey went up to the north end and did not put up any flag, or give any heed to the dangerous situation of plaintiff or to his protection. These facts were proved by the plaintiff, and from them we can only conclude that the injury to plaintiff was due to his failure to see that the flag was put up as required by the well known rule, and his reliance upon the promise of the car inspector, Nevey, combined with the negligence of Nevey, who was not a servant of defendant, in failing to protect plaintiff.

The only reason given for the attempt to charge defendant with liability, is a claim that the engine which was making up the train, passed up from the south after the flag at the south end was up, and that the engineer might have seen it if looking in that direction, and from that fact should have known that some one was under the cars. Even if there was negligence in that regard there could be no recovery, since plaintiff was not exercising ordinary care. It is not probable from the evidence that the engine went past after

the flag was put up. It went up the west main track from twenty minutes to half an hour before the accident. The tracks were fourteen feet apart from center to center and there was but one track between the track it was on and track number 2. The engine was drawing twelve cars, and neither plaintiff, Jonas nor Nevey saw or heard it pass. Plaintiff and Jonas at least, were apprehensive of danger and likely to take notice and to remember if the engine had passed them. But if it could be maintained that the engine passed after the flag was put up, the evidence for plaintiff was that from twenty minutes to half an hour had elapsed before the car was pushed over plaintiff. But slight repairs were ever made on that track and the rule required flags at both ends. There being no flag at the north end the natural presumption would be, even if the flag had been seen so long before, that the repairs were completed and the flags removed. The evidence would not justify an inference of negligence on the part of defendant. All the negligence proved was on the part of plaintiff and Nevey.

The third instruction given for plaintiff was as follows :

The court instructs the jury that it is the duty of the defendant company in switching cars to watch out for any signals of danger; that it makes no difference whether the flag was on the south end of the train on track 2, or the north end, provided the jury believe from the evidence that at the time they ran the cars in, the employes of defendant saw the signal on the south end of the train on said track No. 2.

If the signal on the south end was or could have been seen at all it was some time before the accident, and it could not be said that it made no difference that there was none at the north end when the accident was caused. It is not a rule of law that it made no difference whether plaintiff and his co-employes violated the rule designed for their protection and which would have insured it if obeyed, or that an engineer running on one track through a yard was bound to watch for signals the various tracks in the yard with which he had no concern.

The verdict was against the evidence, and the facts proved by plaintiff clearly showed that there was no liability on the part of defendant for his injury, and that there could be no recovery. The judgment will therefore be reversed.

### FINDING OF FACTS.

We find that the defendant was not guilty of any or either of the acts of negligence alleged against it in the several counts of plaintiff's declaration; that the plaintiff was not in the exercise of ordinary care for his own safety at the time of his injury, and that said injury was caused by his own negligence and the negligence of another person not a servant of defendant.