## Chicago & Alton Railroad Company v. Pearl A. Stevens, Adm'x.

| 80 671 |
| 91 172 |

1. RULES—*Reasonableness of, Not a Question for the Jury.*—It is not the province of the jury to decide upon the reasonableness of the rules of a railroad company requiring employes to avoid the dangers supposed to be incident to coal chutes, by using the ladders on the opposite side of cars.

2. ORDINARY CARE—*No Recovery Without Exercise of.*—It is sufficient to defeat a recovery if it appears that the deceased failed to use ordinary care to observe the means of safety with which he was provided by the master, and by reason of such failure he was injured.

**Trespass on the Case.**—Death from negligent act. Trial in the Circuit Court of McLean County; the Hon. JOHN H. MOFFETT, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed February 7, 1899.

JOHN E. POLLOCK, attorney for appellant; WILLIAM BROWN, general solicitor.

To warrant recovery for injuries received by a servant from defective appliances, the servant must show the existence of the defect; that the master knew or should have known of its existence, and that the servant did not know

of the defect or have an equal means of knowledge with the master.  C. & A. R. R. Co. v. Scaulan, 170 Ill. 107.

A servant can not recover from a master for an injury alleged to have been received by reason of the master's failure to employ sufficient help to render the servant's employment reasonably safe where the servant, after discovering the danger, remains in service without objection until he is injured.  Swift & Co. v. Rutkowski, 167 Ill. 156.

A servant, in order to recover for an injury for defects in the appliances in a business, is required to establish three propositions :

(1)  That the appliances were defective.

(2)  That the master had notice thereof or knowledge, or ought to have had, and

(3)  That the servant did not know of the defect and had not equal means of knowledge with the master.  Goldie v. Werner, 151 Ill. 551.


Kerrick & Bracken, attorneys for appellee.

Knowingly permitting the running board on the coal chute to be in such close proximity to its track as to injure its employe, Stevens, while he was in the discharge of his duties as such employe, and while he was exercising reasonable care for his personal safety, was negligence for which the appellant is liable.  C. & A. R. R. Co. v. Johnson, 116 Ill. 206; C. & I. Ry. Co. v. Russell, Adm'r, 91 Ill. 298; North Chicago St. R. R. Co. v. Williams, 140 Ill. 283; I. & St. L. R. R. Co. v. Whalen, 19 Ill. App. 116; Leonard v. Kinnare, 75 Ill. App. 145; Christiansen v. Dunham T. and W. Co., 75 Ill. App. 267; Swift & Co. v. Wyatt, 75 Ill. App. 348; 3 Elliott on Railroads, Secs. 1268, 1269; Hess v. Rosenthal, 160 Ill. 621; T. H. & I. Ry. Co. v. Williams, 172 Ill. 379; Wood v. L. & N. R. R. Co., 88 Fed. Rep. 44; I. C. R. R. Co. v. Sanders, 166 Ill. 270.

Proof merely that Stevens knew of the existence of the coal chute is not proof that he knew of its location with reference to the track, and especially is it not proof that he knew of the proximity or even of the existence of the run-

ning board, and unless he knew, or by the exercise of ordinary care could have known, of the location of the running board and its exact proximity to passing cars, he is not chargeable with negligence, nor can he be held to have assumed the risk of injury from the running board. Dorsy v. Phillips & Colby Construction Co., 42 Wis. 583; I. C. R. R. Co. v. Sanders, 166 Ill. 270; Ga. Pac. R. R. Co. v. Davis, 92 Ala. 300; Johnston v. Oregon S. L. Ry. Co., 23 Ore. 94; Johnston v. St. P. & M. & M. R. R. Co., 43 Minn. 53; Lawless v. Conn. River R. R. Co., 136 Mass. 1; Ferren v. Old Colony R. R. Co., 143 Mass. 197; City of Chicago v. Ridges, 72 Ill. App. 142; Wood v. L. & N. R. R. Co., 88 Fed. Rep. 44.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action on the case by appellee against appellant for negligently causing the death of her intestate, Guy L. Stevens. The negligence charged in the declaration is in substance that appellant constructed a coal chute dangerously near the railroad track, and that while the deceased, who was in the service of appellant as a brakeman upon a freight train, and while in the discharge of his duty as such, with due care, was struck by a part of the structure of the coal chute and killed. A trial by jury resulted in a verdict and judgment for $5,000 against appellant from which it has appealed to this court, insisting upon a reversal because the verdict is against the evidence, the court admitted improper evidence, and gave to the jury improper and refused proper instructions. It appears from the evidence that as the freight train in question, upon which the deceased was brakeman, was leaving the station of Tallula, the conductor, while both were yet upon the platform, directed the deceased to deliver a message to the engineer with reference to stopping at the next station, and while attempting to execute this order, the train being then in motion, he was passing down a ladder on the side of one of the cars for the purpose of reaching the engine, and while on the ladder was struck by the running board attached to the coal chute and thereby killed. At the time of entering

the service the deceased was furnished with a rule of the company for which he gave his written receipt, directing him when in the vicinity of coal chutes to use the ladders on the opposite side of train from structure. In the case presented, it is contended the brakeman could not use the ladder on the opposite side of the train and thereby reach the engine while the train was moving, as the ladder on that side of the train was at the further end of the car from the engine. This, however, is answered by the suggestion that there was no such pressing urgency for the execution of the order given to him that prevented the mere momentary delay of passing the coal chute before descending the ladder. Upon the question of due care on the part of the deceased brakeman, with or without the rule, the evidence in the case was close and conflicting, and required accuracy of instructions to the jury upon this point. With or without the rule furnished for the guidance of the employes, it was the duty of the deceased to have used due care to avoid dangers known, or that should, by the exercise of ordinary care, have been known to exist. Except as a mere notice of the dangers attending work in the vicinity of such structures, the rule imposes no greater duty than the law itself, for at all events the brakeman was required to use due care to avoid injury. By the modification of appellant's sixth instruction, the reasonableness of the rule was left to the decision of the jury, and also the ordinary care imposed by the law in the observance of the requirements of the rule by the brakeman was changed to a willful and intentional disobedience of the same, before his conduct in this respect could have the effect to defeat the right of appellee to her action. It was no more the province of the jury to decide the reasonableness of the rule requiring the deceased to avoid the dangers supposed to be incident to structures like this, by using the ladders on the opposite side of the cars from such structures, than it would be for them to decide the reasonableness of the law requiring the exercise of ordinary care to avoid injury in a given case. Treating the rule, which, we think, may be fairly done, as a notice to the

C. & A. R. R. Co. v. Kelly.

deceased that the use of the ladders on the sides of the cars next to the coal chute while in such vicinity was dangerous, then if he failed to use ordinary care to avoid the dangers of which he had notice, and was thereby injured, no recovery could be had for such injury. And in this respect the instruction requiring a willful or intentional disregard of a known danger, before the rights of the brakeman could be affected, was erroneous. To defeat the right of action in the appellee it was legally sufficient if it appeared the deceased had failed to use ordinary care to observe the means of safety with which he was provided by the master, and by reason of such failure he was injured.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.