### Dugald Munn v. L. Wolff Mfg. Co.

1. EMPLOYER AND EMPLOYE—*No Recovery Where the Employe Exposes Himself to Danger.*—A workman employed at an emery wheel, which was not protected as required by an ordinance providing that " In every factory, workshop or other place or structure where machinery is employed, the belting, shafting, gearing, elevators and every other thing, when so located as to endanger the lives and limbs of those employed therein while in the discharge of their duties, shall be, as far as practicable, so covered or guarded as to insure against any injury to such employes," can not recover on account of the lack of such an appliance, where he exposes himself to the danger and continues his work with a full knowledge of such defect.

2. SAME—*No Recovery Where the Employe is Guilty of Contributory Negligence.*—Where an employe engaged in working at an emery wheel was provided by his employer with a pair of goggles to protect his eyes

from flying particles of brass from the wheels, and having occasion to be absent from his wheel a few moments, laid his goggles aside, and upon his return and before he had adjusted them to protect himself he was struck in the eye by a piece of brass from an adjacent wheel operated by another employe and injured, *held*, that it was a case of contributory negligence and want of ordinary care on his part to expose himself to the danger against which it was intended the goggles should guard him, without first putting them on.

**Trespass on the Case.**—Appeal from the Superior Court of Cook County; the Hon. Jesse Holdom, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed March 12, 1901.

Theodore G. Case and John T. Murray, attorneys for appellant.

Walker & Payne, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellant sued to recover for a personal injury. The Superior Court at the close of the plaintiff's evidence, upon motion of appellee's attorney instructed the jury to find a verdict for the defendant, which was done.

The declaration charges a violation of a city ordinance as follows: "In every factory, workshop or other place or structure where machinery is employed, the belting, shafting, gearing, elevators, and every other thing, when so located as to endanger the lives and limbs of those employed therein while in the discharge of their duties, shall be, as far as practicable, so covered or guarded as to insure against any injury to such employes." It is urged that the appellee was operating its factory in violation of this ordinance, and that proof of this fact, of the accident, and of due care on the part of plaintiff, established a *prima facie* case of negligence which should have been submitted to the jury.

There is evidence tending to show that appellant has been in the employ of appellee for seven or eight years as a brass finisher, and on the day of the injury, August 13, 1895, was directed to use an emery wheel to "take off a small part that is left on the hinge after it comes from the

mill." For two years he had been accustomed to work from time to time as occasion required at the same wheel, and so far as appears, under the same general conditions. After working for nearly two hours, he had occasion to leave for a short period, and returning, was standing beside his wheel, tying on his apron, when he was struck in the left eye with a small piece of brass, which came, he says, from another emery wheel operated by a fellow employe, and which was on his left, and about twenty-two inches away from his own wheel. He went to one of the foremen, who, he states, took a piece of brass out of his eye. He continued to work that day, which was, it is said, Tuesday, and also the four succeeding days; not until the following Monday, did he consult a physician. The eye had become very much inflamed, the result being that it was removed August 31st following. He had goggles to wear when at work on the emery wheel, but at the time of the injury they were lying on his box of hinges. He " hadn't started to work then," and " didn't have the goggles on." There was no barrier or guard between the wheel at which appellant was standing, getting ready to resume work, and that from which came the piece of brass by which he was injured.

In support of the contention that proof of the violation of the ordinance establishes a *prima facie* case of negligence, appellant's attorneys cite Maxwell v. Durkin, 86 Ill. App. 257, in which it is said : " The ordinance being declared on and in evidence, and the plaintiff having shown that appellant's horses were loose upon the streets, the accident, and due care on her part, that proof made a *prima facie* case of negligence as against appellants, which they were bound to overcome in order to successfully defend." This case is affirmed by the Supreme Court (185 Ill. 546), but the express point is not there passed upon, the latter court saying, " the court agreed with defendant's counsel that such evidence did not make a *prima facie* case, and the question whether it would or not, is not involved here." In that case the ordinance was one imposing a penalty for permitting animals to run at large on the streets and was within

the powers expressly conferred upon the city council by the act under which the city is incorporated. (R. S., Chap. 24, Art. 5, Sec. 1, Par. 80.) But the power to enact an ordinance requiring machinery to be as far as practicable so covered or guarded as to insure against any injury to employes, is not, so far as we are advised, expressly conferred upon the city, and whether it exists by implication from the charter is a question which apparently has not been passed upon in this State. In Swift v. Fue, 167 Ill. 443, appellant asked a reversal because of the admission in evidence of an ordinance of the city of Chicago requiring machinery to be covered, but there being no assignment of error which questioned the admission of evidence, the court refused to consider such alleged error. So in Chicago Packing & Provision Co. v. Rohan, 47 Ill. App. 640, it is said of an ordinance requiring " proper safe-guards " : " Whether this ordinance enters into and forms a part of the contractual relations that exist between the owners of and employes working in packing houses, imposing a duty which, if neglected, may serve as the basis of a personal action for negligence, or merely subjects the employer or owner to such penalties as may be provided for its disobedience, is a question which need not now be discussed." It would seem, however, if the ordinance was valid as being within the charter powers of the city, that its violation might justify an inference of negligence. It is so held in C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132 (149), where it is said that evidence tending " to show a breach of a municipal ordinance, was also a sufficient basis for an inference by the jury of negligence." But in the case of Phil. & Reading R. R. Co. v. Erwin, 89 Pa. St. 71, it was held that disobedience to an ordinance requiring owners of wharves to put up and maintain cap logs would not subject the owner to a charge of negligence, on the ground that " an ordinance can not create a civil duty enforcible at common law." It would seem there can be no question that an ordinance not within the express nor implied powers of the city council can not create civil liability.

Whether the ordinance under consideration is within such powers and valid or not, it is not necessary to consider in the present case. It is insisted that without the ordinance the common law liability was amply sufficient to require the defendant to put in its defense. But appellant testifies that it is a common thing for men working at emery wheels to get particles from the wheel or from the article in process of grinding or polishing in their eyes. To guard against such danger appellant was provided with goggles, which he had laid aside, and had not yet resumed when the accident occurred. He voluntarily placed himself in the position of danger without the protection especially provided for his use. He knew there was no barrier between himself and the wheel in operation by a fellow employe less than two feet away. Apparently there never had been. He knew the danger. He had been wearing goggles to protect himself from it. Yet he assumed the risk of accident not only from the absence of any guard or barrier, but also assumed the risk of any particles from that wheel striking him in the eyes while he stood in the position of danger without his goggles. If it be conceded, therefore, that it was negligence not to put up a barrier as required by the ordinance, yet the employe can not recover on account of the lack of such appliance, when he exposes himself to the danger and continues his work with full knowledge of such defect. It is not claimed that appellant was ignorant of the conditions or of the danger. He assumed an obvious and well known risk. Chicago, P. & P. Co. v. Rohan, 47 Ill. App. 640; Knisely v. Pratt, 148 N. Y. 372; O'Malley v. So. Boston Gas Light Co., 158 Mass. 135; Howe v. Medaris, 183 Ill. 288.

That it was contributory negligence—a want of ordinary care on the part of appellant—to expose himself to the danger against which it was intended the goggles should guard him without first putting them on, can not, we think, be reasonably questioned. It is the duty of the employe to make use of safety appliances so provided. No care on the part of an employer can always protect an employe who omits to use the ordinary precautions for his own safety.

Appellant did not seek medical or surgical attention to his injured eye until six days after the accident. The surgeon who took out the eye about ten days later could not give a positive opinion whether it might have been saved if treated in time or not. It is urged that in this respect also, appellant suffered because of a want of ordinary care on his part. As to this, however, the evidence does not warrant any conclusion. The mere fact that medical aid was not sooner obtained is not of itself conclusive evidence of negligence.

We find no evidence fairly tending to establish a cause of action, and in our judgment the court properly instructed the jury to find the defendant not guilty.

The judgment of the Superior Court must be affirmed.