### Chicago & Alton R. R. Co. v. Herman J. Myers.

1.  NEGLIGENCE—*By One Disobeying Contract of Employment.*—An employe of a railroad company, who sustains an injury while acting in violation of his contract of employment and a reasonable rule established for his safety, can not recover for the injuries sustained.

2.  SAME—*Must Prove Willful Negligence Where One is Himself Negligent.*—Since the abolition of the doctrine of comparative negligence in this State, where one's own negligence contributes to the injury, nothing short of willful negligence upon the part of the defendant will entitle him to a recovery.

3.  ORDINARY CARE—*Must be Proved to Entitle a Recovery.*—In an action for personal injuries, to entitle an employe to recover of a railroad company it is as necessary for him to establish by proof that he was in the exercise of ordinary care for his own safety as it is to establish the negligence of the company.

4.  SAME—*What Evidence Admissible in Relation Thereto.*—The violation of a rule given to an employe for his own safety, and which he has read and promised to obey, is tantamount to proof of the failure to exercise ordinary care; but proof of the habitual violation of the rule by others in the same line of employment is admissible as affecting the question of ordinary care.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

WILLIAM BROWN, general solicitor, and A. E. DEMANGE, attorneys for appellant.

WELTY & STERLING, LOUIS FITZ HENRY and HART & HOFFMAN, attorneys for appellee.

OPINION PER CURIAM.

This suit was brought by appellee to recover damages for the loss of both feet while in the service of appellant as brakeman on a freight train. He recovered a judgment against appellant for $10,000.

The evidence in the record discloses that on the night of November 25, 1897, which was a dark and rainy night, appellee arrived at Joliet on one of the appellant's freight trains, performing the service of head brakeman. Some switching was to be done in the yards of the place, and appellee was to couple and uncouple cars in transferring them from one track to another and then turn the switches. Having cut the train in two and prepared the switches for kicking back the rear car of the head end of the train, he signaled the engineer to "kick back," and then ran forward to uncouple the rear car and place it on the desired track. When he had gone about sixty feet, the cars were moving backward toward the switch with a speed of five or six miles per hour, and while so moving, appellee attempted to uncouple the rear car. He stepped in between the cars—one foot between the rails and one outside—and tried to pull the pin. Finding the pin could not be readily moved, he stepped in with the other foot and ran or walked along between the moving cars some fifteen or eighteen feet, he says, working at the pin. Just as he got the pin pulled, he claims that he stepped in a ditch, extending across the track between the ties, and as he was attempting to throw himself out, he fell with his body outside the rail, and his two legs across it. Two wheels passed over his legs just above the ankle.

The negligence relied upon as the basis for recovery is the ditch which appellant had excavated between the tracks and into which appellee claims that he stepped. Appellant contends that it was proper and necessary to construct and maintain the ditch in order to carry off the water which accumulated between the tracks during the rainy season, and also contends that appellee's fall was not occasioned by stepping in the ditch. Neither at the time of the accident

nor for a considerable length of time after that, did appellee claim that he was thrown down by stepping into the ditch. It is in evidence that he told the conductor of his train directly after the injury and while yet lying upon the ground where he was hurt, that while he was trying to pull the pin, the brake beam tripped and threw him. To his surgeon on the day following, he said he went in between the cars to pull a pin and got caught. Much effort is expended by counsel for appellant to demonstrate under the evidence that appellee did not fall at the place where the ditch was located. In the view we take of the case, it is not necessary to express any opinion upon that disputed question of fact.

To entitle appellee to a recovery, it was just as necessary for him to establish by proof that he was in the exercise of ordinary care as it was to establish appellant's negligence. A citation of authorities in support of that proposition is unnecessary. It is elementary. And since the abolition of the doctrine of comparative negligence in this State, where a plaintiff's own negligence contributes to his injury, nothing short of willful negligence upon the part of the defendant will entitle him to recover. The evidence shows and common prudence dictates, that it is dangerous to get between moving cars to uncouple them. Appellee's attention was specially called to that danger when he began service as brakeman for appellant over nine months before he was hurt. Among the rules, a copy of which he receipted for and promised to obey, was one that "getting between cars in motion to uncouple them is dangerous and in violation of duty; all employes are warned that if they do so it will be at their own peril and risk." The promise of appellee to obey this rule made it a part of his contract of employment. An employe can not recover for injuries received while acting in violation of his contract of employment and reasonable rules established for his safety. Jergenson v. Johnson Chair Co., 169 Ill. 429; I. C. R. R. Co. v. Patterson, 93 Ill. 290; C. & A. R. R. Co. v. Crowder, 49 Ill. App. 162; Wabash R. R. Co. v. Zerwick, 74 Ill. App. 670.

It was contended upon the trial that the rule against going between moving cars had been so habitually violated by brakemen on appellant's road, and its violation so acquiesced in by appellant, that it could not be properly considered as operative and in force at the time of the injury. To break the effect of the rule upon appellee's right to recover and to show that it was really not in force, appellee proved that it was the practice of many brakemen to go between moving cars to uncouple. The testimony on that line was not limited to the time subsequent to his employment and promise to obey the rule, but extended back several years prior thereto. The violation of a rule given to an employe for his safety, which he has read and promised to obey, is tantamount to proof of failure to exercise ordinary care. Proof of habitual violation by others in the same line of employment is admissible as affecting the question of ordinary care. The theory is that although the employe at the time of taking employment was given such a rule and promised to obey it, yet by its subsequent and habitual violation by others, he is led to the belief that it has been abrogated. In that view, it is difficult for us to see how proof of violation prior to appellee's employment was admissible; to allow such proof over the objection of appellant was error.

But independent of such rule, to go between cars moving at the rate of five or six miles per hour, on a dark night, was a dangerous thing to do. When appellee found that he could not move the pin by the method first employed by him, he should have signaled the engineer to stop the train long enough for him to remove the pin with safety. The verdict of the jury is therefore against the evidence, and for that reason and also for the error of the court in admitting improper testimony, the judgment will be reversed and the cause remanded.