BERIT JORGENSON

*v.*

THE JOHNSON CHAIR COMPANY.

*Opinion filed November 1, 1897—Rehearing denied December 14, 1897.*

1. NEGLIGENCE—*in actions for negligence plaintiff must aver and prove due care.* To warrant a recovery for personal injuries resulting from negligence, the plaintiff must aver and prove that at the time of the injury he was observing due care for his safety.

2. MASTER AND SERVANT—*servant cannot recover for injuries received while acting in disregard of duty.* A woman employed to scrub offices in a factory cannot recover for injuries sustained by falling down an open elevator shaft in an unlighted shipping room adjoining one of the offices, into which she went, in disregard of her duties, to hunt for rags to dry the floors, where, by her contract of employment, all materials necessary for her work were to be furnished to her, at request, by the watchman of the building.

MAGRUDER, J., dissenting.

*Jorgenson* v. *Johnson Chair Co.* 67 Ill. App. 80, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

This was an action of trespass on the case, brought by the plaintiff in error, Berit Jorgenson, against the defendant in error, the Johnson Chair Company, a corporation, in the circuit court of Cook county. A trial in the circuit court resulted in a verdict of not guilty, followed by a judgment for defendant upon the verdict. A writ of error was taken out of the Appellate Court for the First District, and the judgment of the circuit court was there affirmed. A further writ of error is now prosecuted by the plaintiff below from this court.

It appears that plaintiff in error was a servant employed by the defendant corporation to scrub its office floors. On the evening of May 9, 1892, she entered said offices for the purpose of scrubbing the floors, and while

there passed from the offices into an adjacent shipping room to obtain some burlaps for the purpose of drying the floors. The shipping room into which she went was not well lighted, and while in that room endeavoring, as it is claimed, to find the article she wanted, she fell down an elevator shaft which passed up through the shipping room, and which it is claimed was not properly guarded and protected. In the fall she broke her collar-bone and suffered other serious injuries and damage.

The negligence charged in the declaration is, that the defendant in error carelessly, wrongfully and negligently permitted the opening in the elevator shaft to be unguarded, unprotected and unlighted, and to remain in a dangerous condition, well knowing that the servants employed to scrub and clean out the said rooms would be required to perform their services after night and by artificial light. The other facts necessary to an understanding of the case will be found stated in the opinion.

Dow, Walker & Walker, for plaintiff in error.

Richolson, Matson & Drake, for defendant in error.

Mr. Justice Craig delivered the opinion of the court:

Upon the close of the plaintiff's evidence, on motion of the defendant, the court instructed the jury to find a verdict in favor of the defendant, and the correctness of this ruling of the circuit court is the only question presented by the record.

It is a familiar rule of law that in order to recover for personal injuries resulting from negligence, it must be averred and proved that the person injured was, at the time of the injury, observing due and ordinary care for his or her personal safety. Here the plaintiff was familiar with the offices she was employed to scrub, as she had performed the same labor for the defendant every two weeks for eighteen months next before the accident. She

was not, in the discharge of her duties, required to pass from the offices into the shipping room for any purpose whatever. Indeed, she had no business in the shipping room. This is evident from the contract of employment, by which, as is disclosed by the evidence, defendant was to furnish plaintiff with the necessary implements or tools, such as hot water, soap, pails, and cloths to scrub and wipe up the floor. The watchman was there in charge of the building, ready to furnish any material needed by the plaintiff to enable her to perform her duties. This is apparent from plaintiff's own testimony. She testified: "The watchman carried water for us and furnished everything for us." From her evidence, when she needed anything all she had to do was to call for it. Thus provided as she was with everything necessary to enable her to discharge her duties, she had no business to go into different parts of the building in search of material, and when she did so, it was at her own risk. When the plaintiff called on the watchman to bring water to be used in scrubbing the floor, he went for the water and brought it. When she needed rags to dry the floor it was her duty to call on the watchman; but this she failed to do, and in utter disregard of her duties she left the offices where she was required to labor and went into the shipping room to hunt for rags, and while there, searching around a dark room, she fell into the shaft of the elevator, and was injured through her own negligence.

As there was, under the evidence, no ground whatever upon which plaintiff could recover, the court properly instructed the jury to find a verdict for defendant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.