### LENTINO v. PORT HENRY IRON ORE CO.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

INJURY TO EMPLOYE—GIVING WAY OF WALK—PRIMA FACIE CASE.

A prima facie case for plaintiff is made out by proof that injury to an employé in a mine resulted from the sudden and unexplained giving way of the place he was required to pass over to reach his work.

Appeal from special term, Kings county.

Action by Giuseppe Lentino against the Port Henry Iron Ore Company. From an order setting aside a previous direction dismissing the complaint, and also vacating a previous order made on the minutes denying motion for new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John Vernon Bouvier, Jr., for appellant.
Thomas J. O'Neill, for respondent.

HIRSCHBERG, J. At the close of the plaintiff's case upon the trial of an action for negligence, the learned trial justice dismissed the plaintiff's complaint, and denied the plaintiff's motion for a new trial, made upon the minutes. On reconsideration, and after hearing argument and examining briefs submitted on either side, the learned trial justice concluded that such disposition of the case was erroneous, and he thereupon granted an order setting aside the dismissal of the complaint, vacating the order denying the motion for a new trial, and granting a new trial, with costs to the plaintiff to abide the event. The appeal is from the latter order.

The plaintiff was injured while working in a mine owned or operated by the defendant, and while walking to his work about 1,800

feet below the surface of the ground, upon a narrow ledge of earth upon the edge of a precipice about 50 feet in depth. A narrow track was laid upon this ledge for the purpose of conveying cars laden with ore, and at the point of the accident the ledge was the width of the track, the wooden ties on which the track was laid extending from the wall or side of the mine to the extreme edge of the precipice. As the plaintiff was walking with other workmen in the usual place and manner upon this ledge, the soil for some reason gave way, and precipitated him into the deep opening, occasioning his injuries. The learned counsel for the appellant alleges in his brief that the subsidence of the soil was occasioned by the blasting operations conducted by the defendant, and that the occurrence was too recent at the time of the accident to charge the defendant with constructive notice. The record does not disclose the precise cause of the accident, and we are not now called upon to determine the question of the defendant's liability upon the hypothesis suggested. It is evident that the facts called upon the defendant for some proof or explanation, that a prima facie case was established in the plaintiff's favor, sufficient, at least, to require a submission to the jury (McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282), and that the order vacated by the one now appealed from was illadvised and erroneous. On the part of the respondent it is claimed that the ledge was dangerous in its nature and construction, and that the defendant, in the exercise of reasonable care, should have either guarded the edge or should have so supported the wall as to have prevented the falling away of the soil which caused the injury. It would be improper to pass upon this contention in the present state of the proof. But that a nonsuit is improper where an injury results from the sudden and unexplained giving way of a place furnished to a workman in order to enable him to work, or which he is required to pass over in order to reach his work, has been frequently held, and the underlying principles will be found in the cases, among others, of Buckley v. Iron Ore Co. (Sup.) 2 N. Y. Supp. 133; Pantzar v. Mining Co., 99 N. Y. 368, 2 N. E. 24; Griffen v. Manice, 166 N. Y. 188, 195, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630; and Kiras v. Chemical Co., 59 App. Div. 79, 69 N. Y. Supp. 44. The plaintiff's evidence established a prima facie case, and required a submission of his claim to the consideration of the jury.

The order should be affirmed.

Order affirmed, with costs to abide the event. All concur; GOODRICH, P. J., in result.