(83 App. Div. 88.)

### MUHLENS v. OBERMEYER & LIEBMANN.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. MASTER AND SERVANT—SAFE PLACE TO WORK—DUTY TO FURNISH.

Where defendants had knowledge that their employés were accustomed to go to a room over the boiler room connected with their establishment, for the purpose of changing their boots and clothing, which necessarily became saturated in the performance of their duties, and hanging the same up to dry, defendant's duty to furnish their employés with a safe place to work required them to use reasonable care to make such place used by the employés for changing their clothes, etc., reasonably safe for that purpose.

**2. SAME—EVIDENCE—QUESTION FOR JURY.**

Evidence in an action by a servant for personal injuries reviewed, and *held* that whether defendant had exercised reasonable care in providing a safe place for plaintiff to change his clothes after work was for the jury.

Appeal from Trial Term, Kings County.

Action by William Muhlens against Obermeyer & Liebmann. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James C. Cropsey (F. W. Catlin, on the brief), for appellant.
Robert Thorne (Frank V. Johnson, on the brief), for respondents.

WOODWARD, J. The plaintiff was nonsuited, and upon this appeal he has a right to have it presumed that the jury would have found the facts which the evidence would justify in his favor, and we are of opinion that the case presented was one for the determination of the jury. The jury might have found from the evidence that the plaintiff was employed in the defendant's brewery in an occupation that saturated his boots and clothing, and that the plaintiff, with the knowledge and consent of the defendant, was in the habit of removing his boots and clothing and hanging them up directly over the boiler room, in a position where they would dry, and substituting dry clothing to go home in; making the change in the morning before going to work. While it may be that this was not absolutely necessary, it was a convenience and evidently conduced to the comfort of the employé, and the question presented is whether the injury resulting to the plaintiff while engaged in making this change of clothing was due to the negligence of the defendant in respect to any duty which it owed to the plaintiff. It appears that at some time there was a floor over the entire boiler room, but some years ago, for the purpose of increasing the air space, the floor over a portion of the boiler room was removed; leaving a part of the floor materials, consisting of cement and bricks, without any support beneath. Upon the portion of the floor remaining, a temporary laboratory had been constructed of rough boards, leaving a small projection of the old flooring outside of its walls; and the plaintiff or some of his fellow employés had arranged a couple of planks to reach this projecting flooring, where they went daily to change their clothes, hanging them upon nails driven in the outside walls of the laboratory, and directly overhanging the open space above the boilers, where they would have the benefit of the heat arising from the room below. It appears from the evidence that this portion of the floor material which was outside of the laboratory was without any other support than such as resulted from the adhesion of the brick and cement to the adjoining walls, and the question presented upon this appeal is whether the defendant owed the duty to the plaintiff, in the performance of this incident of his daily employment, to afford him a reasonably safe place in which to change and dry his clothes, and whether, if such a duty was owed to the plaintiff, it was discharged under the facts disclosed. While there was some evidence that there

were other places where the plaintiff might have hung his boots and clothes, there is no evidence that there was any place specially provided, or which was so well calculated to produce the desired results. It seems to us entirely clear that the duty of the master to furnish a reasonably safe place in which the servant is to perform his labor ·extends to the necessary incidents of that labor, and the defendant having had knowledge, through its representatives, at least, of the custom prevailing in its establishment, the duty arose of exercising a reasonable degree of care that the place used was reasonably safe.

The facts appear from the evidence that on a given day the plaintiff repaired to this place for the purpose of changing his clothes, as had been his custom for more than six months, with the knowledge and consent of his foreman, and while so occupied the projecting floor gave way, precipitating the plaintiff upon the boilers below, doing him a serious injury. There was nothing in the appearance of the floor, from the upper side, to indicate that it was less safe than the remaining portions, and the defendant having removed the floor supports, and having knowledge of the use which was being made of the space as an incident of the plaintiff's employment, we think it was for the jury to determine whether the defendant had discharged the duties of a master, and had exercised reasonable care in providing a place for the plaintiff to change and dry his ·clothes. We are of opinion that the evidence warranted the jury in holding that the defendant had provided this place for the performance of an incident of the plaintiff's labor (Cunningham v. Sicilian Asphalt Paving Co., 49 App. Div. 380, 63 N. Y. Supp. 357), and that the falling of this floor, under the circumstances disclosed by the evidence, established a prima facie case, demanding its submission to the jury. Lentino v. Port Henry Iron Ore Co., 71 App. Div. 466, 467, 75 N. Y. Supp. 755, and authority cited. The judgment appealed from should be reversed.

Judgment reversed and new trial granted; costs to abide the event. All concur.