(83 Misc. Rep. 65.)

### SCHEIBLAUER v. BAUSCHER BROS.

(Supreme Court, Appellate Term, First Department.   December 11, 1913.)

1. MASTER AND SERVANT (§ 107*)—INJURIES—"WAYS" AND "WORKS."

Where window cleaners employed by defendant were in the habit of placing their ladder upon the trapdoor over an elevator from the basement to the sidewalk near the window, and had done so three times a week for seven months, such method became one of defendant's "ways" or "works," which was not in proper condition, as required by Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), when plaintiff was injured by the window cleaner falling in on plaintiff as he hoisted the elevator when the door was opened mechanically.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*

For other definitions, see Words and Phrases, vol. 8, pp. 7420, 7524.]

2. MASTER AND SERVANT (§ 106*)—INDEPENDENT CONTRACTOR.

The fact that an employer had contracted with a window-cleaning concern for cleaning its windows would not relieve the employer from liability for injuries to an employé by the window cleaner falling upon the employé while on a ladder resting on the elevator trapdoor in cleaning windows, in view of Employers' Liability Act (Consol. Laws 1909, c. 31) § 200, as amended by Laws 1910, c. 352.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

3. MASTER AND SERVANT (§ 281*)—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for injuries while raising an elevator, by a window cleaner, who had his ladder resting on the trapdoor over the elevator shaft, falling

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in upon plaintiff when the door was mechanically opened, evidence *held* to show that no negligence by plaintiff contributed to the injuries, but that they were proximately caused by the negligence of defendant's superintendent in permitting the work to be done in that way.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

Appeal from City Court of New York, Trial Term.

Action by Anthony Scheiblauer against Bauscher Brothers. From a judgment dismissing the complaint, and an order setting aside a verdict for plaintiff, he appeals. Reversed, and verdict reinstated.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Julius J. Popper, of New York City, for appellant.

Amos H. Stephens, of New York City (Albert E. Dacy, of New York City, of counsel), for respondent.

WHITAKER, J. This action was brought to recover damages for personal injuries by reason of defendant's alleged negligence. The plaintiff was employed by the defendant as a porter in its place of business at 52 East Twenty-First street, New York City, and in the course of his duties it became necessary for him to use the sidewalk elevator leading from the basement to the sidewalk in front of said premises. In addition to using this elevator for the purpose of carrying the merchandise from the basement to the sidewalk, it was also used by the employés in the basement in going to and from the sidewalk in the course of their duties. It was operated by the person riding on it. There was an iron arch-piece on this elevator, used for the purpose of throwing open the doors on the sidewalk. When the doors were closed, they were very nearly level with the sidewalk. The doors were inclosed on all sides. On two sides were iron posts and crossbars. The rear of the shaft was wedged close to the window of the store of the defendant. Strung across these posts or crossbars in front was a chain, which was always kept there. The chain and crossbars were there evidently to prevent persons on the sidewalk from going upon the elevator doors. The plaintiff had only been in the employ of the defendant for nine weeks prior to the accident. He was the only one who swept this sidewalk during that period. It was his duty to sweep this sidewalk every morning. At no time had he been informed that window cleaners were in the habit of coming to this place to clean the window, nor that, when they did clean the window, they would always place their ladder upon the elevator door. There was one large window to defendant's store. The defendant had a contract with one Simon A. Bressler, proprietor of the American Window-Cleaning Company, for the cleaning of this window, which was cleaned three times a week. Engel was in the employ of Bressler.

On the morning of the accident, the 9th of December, 1911, at about 8 o'clock, the defendant's store was opened by the foreman, Graus, which he generally did, and the plaintiff, after removing the lock from the elevator doors on the sidewalk opened one of the doors, and took note that the chain was in its usual place upon the bars which serve

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to inclose the elevator shaft. He thereupon proceeded to the basement after having done his customary work on the street floor, and after being in the basement a short time proceeded to go up on the elevator to sweep the sidewalk. Before starting the elevator, he looked up and noticed that the doors were in the same position he had placed them, namely, that one door was open and the other closed, and did not see any person on the closed door. Thereupon he started the elevator, and when the archpiece of the elevator reached the closed door it threw the door open. The window cleaner, Engel, who was then standing upon the ladder engaged in cleaning the window of the defendant's store, was thereupon precipitated down upon the plaintiff. The plaintiff was thrown to the floor of the car, and his foot was wedged in between said elevator and the elevator shaft, causing severe and permanent injuries thereto.

Graus had charge of these window cleaners. He paid them each month. Graus, the foreman, testified that on the day of the accident he was inside of the store, and saw the window cleaner outside on the ladder engaged in cleaning the window just before the accident occurred. Neither Graus nor Engel gave any warning to the plaintiff, who was then in the basement, although Graus knew the plaintiff was then about to use the elevator to sweep the sidewalk. Graus had told him that it was his duty every morning to assist in cleaning the office, and after that to sweep the sidewalk.

Fourteen days before the accident the plaintiff took his broom and started up the rear stairway leading from the basement to the store floor when he met the foreman, Graus, near the head of the stairs. Graus, stopping him, told him to go by way of the sidewalk elevator, and told him never to go through the store or wareroom with the broom, nor to use the stairway when he went to clean the sidewalk. Graus told him that it was his duty each morning to remove the lock from the elevator doors and leave the elevator doors open. These doors were to be kept open all the time during business hours. The only time the doors were closed during business hours was in bad weather. The day being somewhat threatening, the plaintiff removed the lock and left one door open and the other door closed. The representative of the Weather Bureau testified that it was a cloudy day. The lock was always taken off, even if the doors were not open, because drivers came occasionally with goods, and then the employés in the basement went up in the elevator, even if both doors were closed.

[1] The action is brought both under the common law and under the Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204). The facts as found by the jury are not questioned by the court. The court simply held that the facts did not warrant a recovery. In this we think the court erred. We think the plaintiff brought himself within the terms and purview of the Employers' Liability Act. Plaintiff did not know that window cleaners were in the habit of placing the ladder upon the door of the elevator shaft. The window-cleaning company was employed by defendant. It had been cleaning the window by placing the ladder upon the elevator door three times a week for seven months. There is no evidence that the window was cleaned

in any other way. This, then, with the knowledge and consent of the defendant, became one of the "ways" or "works" used in the business of the plaintiff's employer. It was not a casual thing that the cleaner was doing. It was a regular, customary, and convenient way. The superintendent must be deemed to have known both the method of working the elevator and the method of cleaning the window; that the combined system of cleaning the window and running the elevator created a dangerous and "defective condition."

[2] The "ways" and "works" were not in a "proper condition," while the window cleaner had his ladder resting upon the door to the shaft, when, as the superintendent must have known, the elevator was likely to ascend at any moment. As a matter of fact, the evidence shows that on the day of the accident the superintendent saw the window cleaner on the ladder cleaning the window just before the accident happened; that he gave no warning, though he knew the elevator was about to ascend. The fact that defendant had a contract with the window cleaning concern does not release the defendant owner from liability. See section 200, Employers' Liability Law (Consol. Laws 1909, c. 31), as amended in 1910 (Laws 1910, c. 352). We do not think the fact that the superintendent permitted the window cleaner to place his ladder upon the elevator shaft door three times a week for one-half hour at a time is any different in principle than if the superintendent had permitted a ladder to be placed upon the door with an inanimate weight thereon with like frequency and allowed to remain for a like period of time. We think a dangerous and defective condition was created through the negligence of the defendant's superintendent.

The defendant was bound to know of the dangerous custom existing in the manner and method of conducting the business and it was negligence on his part not to remedy it. We think the case comes fairly within the principles laid down in Pantzer v. Tilly F. I. M. Co., 99 N. Y. 368, 2 N. E. 24, and Muhlens v. Obermeyer, 83 App. Div. 88, 82 N. Y. Supp. 527.

[3] The jury has found that there was no contributory negligence on the part of plaintiff, in which finding we concur. We have carefully examined the authorities cited by the respondent and his admirable argument in favor of sustaining the judgment, but are still of the opinion that the judgment should be reversed, with costs, and the verdict of the jury reinstated.

Judgment and order reversed, with costs, and verdict reinstated.

LEHMAN, J., concurs, on the ground that the injuries are directly due to the negligence of the superintendent. PAGE, J., concurs with LEHMAN, J.