## Clarence S. Darrow, administrator, v. The Fair.
### Gen. No. 11,651.

1. VERDICT—*when court may direct.* The question of negligence is one of law for the court when the evidence is undisputed, and where with all justifiable inferences that can be drawn from the evidence, it

is so insufficient to sustain the charge that reasonable minds would so pronounce it without hesitation or dissent, a verdict may properly be directed by the court.

2. NEGLIGENCE—*when failure to light not.* The failure of the master to light the premises in which a servant was working is not negligence where it appears that the injury resulted from a cause which no ordinary human foresight could anticipate and provide against.

3. NEGLIGENCE—*when failure to provide elevator operator not.* The failure of the master to provide an operator for an elevator which the servant was using in connection with his work for his own convenience, is not actionable negligence where the failure to supply such operator is not the proximate cause of the injury.

4. NEGLIGENCE—*when failure to close door not.* It is not actionable negligence upon the part of the master to fail to close a basement door where it appears that the failure to close such door was not the proximate cause of the injury.

5. CONTRIBUTORY NEGLIGENCE—*what constitutes, as a matter of law.* Approaching and entering an elevator shaft in the dark constitutes contributory negligence as a matter of law.

6. CONTRIBUTORY NEGLIGENCE—*when servant guilty of.* A servant is guilty of contributory negligence which precludes his recovery where it appears that the conditions which caused his injury were solely of his own creation.

7. MASTER—*limit of liability of.* A master is not an insurer of an employee's safety and is not required to take better care of a servant than he takes of himself.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. WILLARD M. MC-EWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed April 18, 1905.

**Statement by the Court.** This is an action for personal injuries resulting in the death of Charles A. Epley.

The deceased was in the employ of appellee as a steam fitter. March 10, 1894, he was directed by appellee's chief engineer to do certain steam fitting after business hours at night in the laundry on the third floor of appellee's building. In the course of the work it became necessary to cut and "thread" certain of the pipes which were to be connected. The machinery and tools for this purpose were in the machine shop which was in the basement of the building. In going back and forth from the third story to the basement the deceased was permitted to make use of one of the freight elevators. It became necessary to cut off the

Darrow v. The Fair.

water while the work was in progress, which necessitated a trip to the ninth floor. In these trips the deceased operated the elevator himself. He had been at work about two hours in the evening, when the accident occurred. About half an hour before, with his helper he had gone up on the elevator from the basement to the third floor. There they got off, leaving the elevator door open, and proceeded to the room on that floor where they were at work. At that time an arc light was still burning in the hall on that floor. Remaining there about thirty minutes, the deceased had occasion apparently to use the elevator, probably intending to descend again to the basement. At that time no light was burning in the hall on that floor, nor so far as appears on any of the floors of the building. They had been turned off after the deceased and his helper had left the elevator, and at the usual hour pursuant to the custom. There were, however, gas jets there which could readily have been lighted. Instead of taking his lighted lantern with him or lighting the gas jets in the hall, deceased seems to have groped his way in the dark to the elevator door which was open as he had left it. The elevator, however, was not there. It had descended to the basement. It was so constructed, it is said, that when left alone for a considerable time unless it was stopped "on the center" it would be liable to "creep" up or down, depending upon which side from the center it had been left. As the witness states it, "if the rope is pulled too far in stopping it, it will cause the elevator to go up or down." This, it is said, is not due to any mechanical defect, but to the ordinary method of elevator construction. There is, however, no evidence tending to show how or by what agency the elevator had been moved. The deceased had left the elevator door in the basement open when he came up on the last trip, as well as that opening into the hall on the third floor. If the doors of the elevator were closed, they locked automatically and could not be opened from the outside. It is urged that it is possible that some of the scrub women or other employees in the building had used it in the interval, but if so there is no

evidence to that effect. The fact remains, however, that the elevator was not at the third floor where the deceased had left it, and having left his lantern behind, he did not discover its absence until stepping into the open shaft, he fell to the bottom, receiving injuries resulting in his death.

At the close of the evidence, the trial court directed the jury to find the defendant not guilty. Judgment was entered upon the verdict, from which this appeal is taken.

MARY E. MILLER and COBURN & CASE, for appellant.

O. W. DYNES, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that it was error to direct a verdict for the defendant, because it is said there was evidence tending to prove it guilty of negligence causing the accident, and that upon the evidence the jury might have so found without acting unreasonably in the eye of the law. The question of negligence is one of law for the court, when the evidence is undisputed; and where, with all justifiable inferences that can be drawn from the evidence, it is so insufficient to sustain the charge that reasonable minds would so pronounce it without hesitation or dissent, the court may so hold and direct a verdict accordingly. Boyle v. I. C. R. R. Co., 88 Ill. App. 255–257; Martin v. C. & N.-W. Ry. Co., 194 Ill. 138–145; Offutt v. The World's Columbian Exposition, 175 Ill. 472–475.

It is said that appellee's negligence consisted first in not making adequate provision to light the premises where the work was to be done. This refers no doubt to the absence of light in the hall approaching the elevator. There appears, however, to have been ample provision for lighting the hall independently of the arc light, had the deceased chosen to use it. In the first place, he was provided with a lighted lantern, which he left behind him, and in the next place there were gas jets within easy reach from the floor, and within a few feet of the elevator. These agencies were all within the control of the deceased, and there can, we

think, be no justifiable difference of opinion that the accident resulted from failure to take the precaution to make use of them before stepping into the open door of an elevator shaft in the dark. The deceased knew that there were other employees in the basement at least, that he had left the basement door of the shaft open, and that it was within the range of possibilities that some one might enter there and pull the ropes which would bring the elevator down. There is no evidence that this was done, but the possibility and even probability, should it suit the convenience of a scrub woman or a janitor to use the elevator, was sufficient to make it a very hazardous thing for one to step into the shaft on the third floor in the dark. At all events it was not the duty of appellee so far as appears, to continue the use of an arc light on the third floor in order to guard against the negligent act of the deceased, which no ordinary human foresight could anticipate and provide against. An employer is not required to provide against unforeseen contingencies resulting from the failure of an employee to look out for his own safety. The elevator itself was a freight elevator. It appears to have been entirely safe for the purposes for which it was designed and for the purpose for which it was then being used by the deceased and his helper. Approaching and entering an elevator shaft in the dark has been repeatedly held to constitute contributory negligence, for which the law would not permit recovery. Bentley v. Loverock, 102 Ill. App. 166–171; Jorgenson v. Johnston Chair Co., 169 Ill. 429–431; Swift & Co. v. McInerny, 90 Ill. App. 295–299; Piper v. N. Y. C. & H. R. R. R. Co., 156 N. Y. 224; C., M. & St. P. Ry. Co. v. Halsey, 133 Ill. 248–254.

It seems to be claimed that it was the duty of appellee to have had some one there in special charge of the elevator to run it on that occasion, and that it was negligence not to have had the basement door of the shaft closed and locked. It appears from the testimony of the helper that the deceased knew how to operate the elevator, and that he operated it skillfully, and stopped it even with the floors on the prior

occasions that evening, when the two had used it to ascend from the basement to the ninth floor, and to make trips back and forth to the third floor. It is a far-fetched claim that under the circumstances appellee is chargeable with any negligence in that respect. It owed no such duty. The same is true as to the basement door. It had been left open by the deceased, as was usual, and there is not the slightest evidence tending to show that this was in any way the cause of the accident.

It cannot be said that the deceased was in the use of ordinary care such as the situation required when he met his death. The conditions which caused the accident were solely of his own creation. He was using the elevator for his own convenience in doing the work and with the master's consent. He assumed whatever risk there would have been had he not been apparently experienced in elevator management, and whatever risk there actually was, if any, for none appears which had any bearing on the injury. He was not injured in operating it.

The accident is deplorable, but there is no evidence so far as we can discover, that its proximate cause was any negligent act or omission of the master, certainly none that is alleged in the declaration, and in such case there can be no recovery. Gibson v. Leonard, 143 Ill. 182–193. A master is not an insurer of an employee's safety, and is not required to take better care of him than he takes of himself. Karr Supply Co. v. Kroenig, 167 Ill. 560–563, 4. For the reasons indicated we are of opinion that the trial court did not err in directing a verdict for the defendant, and the judgment must therefore be affirmed.

*Affirmed.*