Helma Swanson, Administratrix of the Estate of Louis Swanson, Deceased, Appellee, .v. Peter Schoenhofen Brewing Company, Appellant.

Gen. No. 25,061.

1. NEGLIGENCE, § 80*—*when person falling through trapdoor guilty of negligence per se.* A bartender who for over 2 years had worked in his brother-in-law's saloon to which the defendant brewing company supplied beer, and was familiar with the entire environment, was guilty of negligence *per se* in walking into a dark room containing a trapdoor leading into a cellar where beer was deposited by the company, without switching on the electric light; and plaintiff was not entitled to recover for his intestate's death through falling through the trapdoor alleged to have been left open through defendant's negligence.

2. EVIDENCE, § 79*—*when conversation after accident not part of res gestæ.* The testimony of a witness to the effect that an employee of the defendant brewing company had stated that a certain other employee who testified that he had shut the trapdoor through which plaintiff's intestate fell, in fact, did not do so, was not part of the *res gestæ*, as the conversation took place after the death of plaintiff's intestate.

3. NEGLIGENCE, § 81*—*when entering dark room containing trapdoor is negligence per se.* Entering a dark room where a trapdoor leading into a cellar is liable to be open, without using the means at hand to ascertain whether the trapdoor is open or shut, is negligence *per se.*

Appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Swanson v. Peter Schoenhofen Brewing Co., 215 Ill. App. 185.

term, 1919. Reversed with finding of facts. Opinion filed October 27, 1919. Rehearing denied November 10, 1919.

WILKERSON, CASSELS & POTTER and BUTZ, VON AMMON & JOHNSTON, for appellant; RALPH F. POTTER, KENNETH B. HAWKINS and FREDERICK VON AMMON, of counsel.

ROBERT J. NORDHOLD and ROSE & SYMMES, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff's intestate was a bartender employed at his brother-in-law's saloon on the northeast corner of Clifton and Belmont avenues, Chicago, where he had worked for 2 years and 7 months previous to his death. Defendant supplied the beer to this saloon. The barrels of beer were uniformly kept in a cellar reached by a trapdoor in a dark room adjoining the bar. This room was artificially lighted by electric lights, switches for the purpose of turning the lights on and off being accessible to any one entering the room. The intestate suffered injuries which resulted in his death by falling through the trapdoor on coming into the darkened room, into which he walked without turning on the lights, which trapdoor leading into the basement where the beer was kept was open. By reason of the darkness he did not see the open trapdoor, but evidently assumed that it was closed. In the room in which was the trapdoor leading to the cellar odd things were kept, and the bartender and those who officiated behind the bar in the saloon were in the habit of hanging there such clothing as they did not wear when working in the barroom.

It appears that some little time before, on the day of the accident, defendant had, through two of its em-

Swanson v. Peter Schoenhofen Brewing Co., 215 Ill. App. 185.

ployees, carried into the cellar through an outer area way, into the cellar, some barrels of beer. The negligence charged is in effect that a servant of defendant who installed the beer in the cellar negligently left the trapdoor open. A trial before court and jury resulted in a verdict and judgment of $7,500, and defendant appeals.

It cannot be successfully controverted but that plaintiff's intestate, after service of 2 years and 7 months as a bartender in the saloon where the accident occurred, was familiar with the entire environment; that he must have known, as the law will presume he did, that if the trapdoor was open and he entered the room without using the means of lighting it with the appliances readily at hand so that he could see the danger that confronted him, he was likely to step into the aperture not covered by the trapdoor and be injured. It would therefore seem to reasonable minds that he did not exercise ordinary care for his own safety when he proceeded into the dark room without turning on the electric light, and in assuming, as he must have done, that the trapdoor was closed, not open, and that he could safely walk upon it.

The two employees of defendant who delivered the beer on the premises in question on the day of the accident both testified that they did not leave the trapdoor open, and one of them testified that he closed the trapdoor and was the last man up from the cellar. There is evidence of a statement by a witness as to what one of defendant's employees said regarding the trapdoor after the accident, which was to the effect that the employee who testified that he shut the trapdoor in fact did not do so. This evidence was given against the objection of defendant. It is insisted that this was part of the *res gestæ,* but as the conversation took place after the death of plaintiff's intestate, we cannot hold that it was part of the *res gestæ,* and that therefore it was error to admit such statement

**188**      APPELLATE COURTS OF ILLINOIS.

Swanson v. Peter Schoenhofen Brewing Co., 215 Ill. App. 185.

against defendant's objection. However, if the statement was admissible, it lends no probative force to plaintiff's case, as the employee who is alleged to have made the statement denied making it. That either of defendant's employees left the trapdoor open is a matter of conjecture or surmise arising from the fact, testified to by deceased's employer, that after defendant's employees left no one went into the room where the trapdoor was until deceased came along and fell into the cellar.

Defendant moved for an instructed verdict in the usual way at the close of plaintiff's case and again at the close of all the proofs. In the condition in which the evidence was at the time such motions were made, they should have been allowed. In the first place, plaintiff did not prove by a preponderance of the evidence that defendant's employees or either of them left the trapdoor open; and, secondly—and more important still—the whole evidence considered, the accident to deceased resulted from his entire lack of ordinary care, for his own safety. It was negligence on his part to attempt to walk in the dark over the place where the trapdoor was without first using the means at his command to lighten the room and ascertain the fact as to whether the trapdoor was open or closed. In this condition of the record, plaintiff was not entitled to recover. This case is similar upon fact and principle to *Glombicki v. Chicago Packing Co.*, 212 Ill. App. 649.

Entering a dark room where a trapdoor leading into a cellar is liable to be open, without using the means at hand to ascertain whether the trapdoor is open or shut, is negligence *per se*. *Heide v. Schubert*, 166 Ill. App. 586. In *Casey v. Adams*, 137 Ill. App. 404, the court said:

"The burden of proving that deceased was not guilty of contributory negligence was upon plaintiff in error. * * * Upon these facts, about which

there is no controversy, it is impossible to conclude that deceased was exercising due care. On the contrary, the natural and common-sense conclusion is that he was negligent and that his negligence contributed to the injury.'' *Darrow v. The Fair,* 118 Ill. App. 665.

There are many other cases in the reports where employees have gone into dark places where danger lurked without using the means at hand to ascertain dangers confronting them, in which the uniform holding has been that such conduct was so negligent that there could be no recovery. The following observations in *Glombicki v. Chicago Packing Co., supra,* are pertinent to the instant case:

''It cannot be disputed that if plaintiff had made the most casual examination before stepping into the elevator shaft, he would not have done so. The striking of a match, or even extending his hand or foot upon the floor beyond the door of the elevator would have at once disclosed to him the danger which confronted him. Moreover, what plaintiff did he did of his own volition. He does not claim to have been directed by any one of defendant's employees, or, for that matter, by anybody else, to the place where he was injured. He proceeded in his own way through the darkness without any attempt on his part to inform himself as to where he was going, and recklesssly opened the elevator door on the assumption that he was going into the cooling room. This conduct was inexcusable negligence.    *    *    *

''The accident to plaintiff with the resulting injuries to him are chargeable not to the negligence of defendant, but to that of the plaintiff. It follows that he is not entitled to recover in this action, and therefore, the judgment of the Circuit Court is reversed with a finding of fact.''

There are other errors in the record, but as plaintiff is not entitled to recover upon the proof concerning his exercise of due care for his own safety, no good purpose can be subserved by discussing them.

For the errors indicated the judgment of the Superior Court is reversed with a finding of facts.

*Reversed with finding of facts.*

Finding of Facts. The court finds as ultimate facts that defendant was not guilty of any negligence charged against it in plaintiff's declaration, and further that plaintiff's intestate suffered the accident set out in the declaration as a result of his own negligent conduct.