## Martin v. Davis, Appellant.

Argued September 28, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Raymond A. White, Jr.,* and with him *Maurice W. Sloan,* of *Sloan, White & Sloan,* for appellant.

*Michael D. Hayes,* and with him *Wilson & McAdams,* for appellee.

OPINION BY JAMES, J., February 1, 1934:

Defendant has appealed from the refusal to enter judgment n.o.v. in an action for personal injuries sustained by plaintiff while employed as a domestic servant in the home of the defendant.

On January 11, 1931, plaintiff was engaged by defendant's wife as a cook and on January 12th, plaintiff came to defendant's residence, was admitted by one of the maids and taken to the kitchen. In order to reach the kitchen she had to pass through the room in which the accident happened and on this day passed through the room two or three times, at which times the room was lighted. Plaintiff testified that from her observation it was an ordinary room and there was nothing to indicate a stairway and that she was not told of the existence of the stairway. On the morning of January 13th, she reached the appellant's residence between 6:30 and 7:00 A. M., admitted herself with the key and found the door from the hall to the servant's room bolted. She then went upstairs and down the back stairway. When she reached the first floor

and while groping for the light switch in order to turn on the lights, she fell into the stairway leading from the first floor to the basement used as a children's playroom.

Appellant contends that appellee was guilty of contributory negligence and that the testimony failed to show any negligence on the part of defendant. We are convinced that the judgment should be reversed for the second reason.

The map and photographs show that on the first floor of the residence the entrance to the point of the accident and to the kitchen where appellee was employed was from the main living room to a hall past a pantry and bath to the foot of the stairway down which appellee came on the morning of the accident; that the distance from the foot of this stairway to the steps descending to the basement was about five feet, through which one passed to a living or recreation room. The floor of the room where the accident happened was in good condition and without any holes or depression and level to the top step of the stairway. On one side of the stairway was a railing and on the other side, a wall. The stairway was about three or four feet wide, comprised of ten steps with ten inch treads and eight inch risers. On the room side of the stairway was an iron grill running the length of the stairway to its entrance. No defect was shown in the approach to the steps or in the steps and the only negligence that can be attributed to the defendant would be a failure to erect a gate or barrier across the entrance to the stairway.

The court below held that the stairway constituted practically an open hatchway. With this we can not agree. The doctrine of open hatchway has been applied on the theory that the opening was in the nature of a trap, but we are unable to find any authority to go so far as to hold that an open stairway, properly

constructed, in a private residence can be classified as a hatchway or trap requiring the owner to have gates or barriers to protect his servants or employees. Negligence is the lack of due care under the circumstances and from our examination of the testimony, the map and the photographs, we can not find the defendant guilty of negligence.

In view of the above, we have not discussed the serious question of the appellee's contributory negligence.

Judgment reversed.