Matilda M. Gardner, appellee, v. Metropolitan Utilities District of Omaha, appellant.

278 N. W. 137

Filed February 25, 1938. No. 30225.

*Dana B. Van Dusen,* for appellant.

*Henry F. Pedersen* and *Gray & Brumbaugh, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

DAY, J.

Matilda M. Gardner brings this action for damages for personal injuries sustained by a fall through a trapdoor in her house on the theory that it was negligently left open by a district meter reader. She recovered a judgment for $10,000 in the trial court.

The first and most serious question presented by this appeal is the liability of the district for the accident. There was no one else present when the plaintiff fell down the cellar steps through the trapdoor. Briefly, the story as told by the record is that a meter reader for the district called at the home of Mrs. Gardner for the purpose of reading the meter. She admitted him to the kitchen, and he went down cellar through the trapdoor to read the meter, and then left the premises. There is a dispute in the evidence that he found the trapdoor open, but there is no dispute about the fact that he did not close it. Soon after the visit of the meter reader, the plaintiff went to a near-by grocery store, and returned to her kitchen with groceries. While trying to put them away in the pantry she fell through the trapdoor and down the cellar steps.

In order that the situation may be better understood,

the premises are described. The pantry door opened directly from the kitchen. The floor of the pantry was a trapdoor "2' - 0½" X 4' - 9"," which, when opened, revealed the steps to the cellar. In the basement where the water meter was located was a furnace room. In this room was a hot water heater. Here was stored the coal, and here also was kept about a ton of lead which Mrs. Gardner's sons used in their business as painters. The usual entrance to the cellar was by the steps covered by the trapdoor in the pantry. This trapdoor and the cellar steps were maintained by Mrs. Gardner upon her own premises.

It is undisputed that the accident occurred in premises leased by plaintiff as a home, and that the trapdoor and cellar steps were maintained and used by her as the only way of access to the basement. This was the average home basement with its room in constant use. The hot water heater, a common type which required lighting and extinguishing each time it was used, was located here, as was also the furnace which heated the home. It was considered by the plaintiff as a proper place to keep the coal used for fuel. The plaintiff's sons found it a convenient place to store about a ton of white lead used in their painting business. The plaintiff cannot ignore the hazards of the entry to such a basement, and place the entire burden upon one whose casual duty requires its use. There is a duty resting upon the plaintiff to exercise ordinary care for her own safety. If her negligence was more than slight as related to the accident, and the resultant injury, she cannot recover. In this connection her own testimony defeats her recovery; it is that she stepped into a darkened room, the floor of which was a trapdoor likely to be open, without ascertaining whether it was open or closed, and fell down the cellar steps in her own home. The record reveals that it was the usual way, continually and constantly used by her and her family, to pass to the basement. Her negligence in stepping into the darkened room, where she well knew that the floor was a trapdoor regularly opened upon the cellar steps, was more than slight negligence and de-

feated her recovery. She was not entitled to rely solely upon the belief that no one would leave it open. It was her duty to use the ordinary means at her disposal to ascertain whether it was open or closed. She knew of its dangers, and it was her duty to exercise some care to avoid the hazard for her own safety.

In *Martin v. Davis*, 111 Pa. Super. 420, 170 Atl. 307, the well-established rule was stated that "negligence is lack of due care under the circumstances," and that the house owner was not negligent where a domestic servant fell down a stairway while groping for a light switch.

In an almost identical case, *Swanson v. Schoenhofen Brewing Co.*, 215 Ill. App. 185, the court held: "Entering a dark room where a trapdoor leading into a cellar is liable to be open, without using the means at hand to ascertain whether the trapdoor is open or shut, is negligence *per se*." A bartender, who had worked in a saloon for two years and seven months, fell into a cellar through a trapdoor in a dark room adjoining the bar. The reasoning of that case leads to the inevitable conclusion that one who enters a darkened room containing a trapdoor, as in this case, is negligent *per se*. There are many other similar cases, as when one steps through an elevator door and the elevator is not there. But if more than natural reason is needed to maintain the proposition, those cited seem to be sufficient, particularly when none is cited clearly to the contrary.

Recently the court, in *Van Avery v. Platte Valley Land & Investment Co.*, 133 Neb. 314, 275 N. W. 288, held that even a stranger to the premises must exercise ordinary care for his own safety. How much more is one logically responsible for one's own safety where he daily uses and is familiar with the premises.

Because of the reliance of the appellee in *Pomerene Co. v. White*, 70 Neb. 171, 97 N. W. 232, some notice should be taken of that case. It is not in conflict with the rule here adopted because the circumstances are entirely different. In the *Pomerene* case the trap in the middle of the floor

was only an emergency opening rarely opened. The trapdoor did not, as in the present case, cover almost the entire floor of the pantry. In this case the door was the floor when shut, and when opened it was the ordinary opening to the stairs to the basement.

In view of the foregoing conclusion, it would not be necessary ordinarily to discuss the complaint that the verdict is excessive, but it is merely mentioned as it may hereafter be of some importance. The plaintiff, a woman sixty-eight years of age, had an expectancy of about ten years. She was not permanently injured, and her pain was slight. The evidence, if believed by the jury, is not sufficient to sustain such a large verdict.

In this connection, mention might be made of the fact that the plaintiff was brought into court upon a stretcher. This was calculated to influence the jury and impress them with her serious condition. She was attended by a nurse in uniform. A doctor, who was a witness, looked after her. During the recess, she was wheeled into the hall of the courthouse where the jury were at liberty. The record does not disclose any necessity for such solicitude and care for the plaintiff. The trial judge, of course, did not know at the time that this was not necessary. It amounted to a representation on the part of the plaintiff as to her condition. She had been injured months ago, and had never had a nurse. She had lived with her two sons without a woman in the house. A physician had ministered to her infrequently. She had gone down-town upon at least two occasions. This was a trial, and the unusual incident no doubt influenced the jury and tended to increase the size of the verdict.

The defendant offered in evidence the files of other cases. This was admissible for the purpose of showing the plaintiff's physical condition before the accident. In one of these cases a default and judgment were rendered, at least in her presence, in favor of plaintiff for injuries sustained in a previous accident. Immaterial to the issues here is the evidence that it was never paid. Of course it

was not offered for the purpose, but it was in fact an invitation to the jury to require the defendant to pay the delinquent judgment.

In view of the fact that the negligence was more than slight, and that the plaintiff cannot recover under the circumstances shown by the record, the verdict cannot stand, and the case should be dismissed.

REVERSED AND DISMISSED.