WILLIAM WEITZ, APPELLANT, V. UNITED STATES TRUST COMPANY ET AL., APPELLEES: G. HOWARD JOHNSON, INTERVENER, APPELLANT.

10 N. W. (2d) 623

FILED JULY 30, 1943. No. 31587.

704

E. L. Murphy, E. M. Kennedy, E. F. Fogarty and Rose-water, Mecham, Shackelford & Stoehr, for appellants.

Gaines & Shoemaker and Morsman & Maxwell, contra.

Heard before SIMMONS, C. J., PAINE, YEAGER and CHAPPELL, JJ., and TEWELL and LIGHTNER, District Judges.

TEWELL, District Judge.

This action was brought in the district court for Douglas county to recover damages arising from personal injuries incurred from falling down an elevator shaft. The defendants United States Trust Co., a corporation, and United States National Bank, a corporation, are alleged to be the owners of the building in which such shaft was located. At the close of the plaintiff's evidence, the trial court, upon motion of the two defendant corporations, discharged the jury and entered judgment for the defendants. The plaintiff appeals.

The elevator shaft involved is a portion of a building hereinafter described. The pleadings and the evidence do not disclose the exact nature of the title or interest owned in such building by either of the two defendant corporations. The pleadings indicate that one of these two corporations succeeded the other as trustee, and, at the time of the accident involved, held the legal title in trust. For the purposes of this opinion we do no violence to any right of the plaintiff by treating the two defendant corporations as being owners of the absolute fee title of the premises in-

volved. In any event it is conceded that neither of these two corporations was in the actual occupancy of such building, but that instead such building was being occupied and operated by a tenant, who is not a party to this action. We hereinafter refer to these two defendant corporations as the defendant owners. The defendant G. Howard Johnson, hereinafter referred to as the defendant Johnson, under the trade-name of Omaha Merchants Transfer Company, was the employer of the plaintiff at the time of the accident involved. No recovery is sought by the plaintiff in this action as against the defendant Johnson. The plaintiff has been awarded compensation under the workmen's compensation act as against the defendant Johnson in an action brought in the district court for Douglas county, and later appealed to this court. The opinion of this court in that case, entitled *Weitz v. Johnson,* was released on June 4, 1943, *ante,* p. 452, 9 N. W. (2d) 788. The defendant Johnson is made a party defendant for the purpose of giving him such right of subrogation to plaintiff's rights as he might have under the workmen's compensation act. The facts surrounding the accident involved are set forth in the opinion to which reference is above made, and therefore will be only briefly mentioned herein. From the nature of this case as above stated, it will be seen that we are confronted with a question that relates only to the liability of the absent owner of premises for personal injuries to a third person injured upon such premises, while operated by a tenant of such owner.

The building in which the plaintiff was injured is a six-story brick building facing west and located at 109 South Tenth street in Omaha, Nebraska. This street extends from north to south. The spur of a railroad track extends from east to west and parallel to and only a few feet south of the south wall of this building. The elevator shaft involved is adjacent to and north of the south wall of the building, and is located from 20 to 25 feet east of the west end of such building. The east and west wall of such shaft is of solid brick. At the north and also at the south side of

such shaft on the ground floor there is located a wooden panel gate, each of which is so constructed as to slide up and down. Immediately south of the wooden panel gate on the south side of such shaft, and in the south wall of such building, are steel doors that close the opening to the outdoors and to such railroad spur. The wooden panel gate on the north side of such shaft, when down, divides such shaft from the interior ground floor of such building. This ground floor is on a level with the floor of any railroad box car that might be located outside such building and immediately south of such shaft. The building contains a basement below such ground floor, and into this basement such shaft extends. There were outlets for electric lights above and below the elevator, so constructed as to move up or down with the elevator. An outlet for an electric light also existed in the ceiling of the ground floor at a point a few feet north of the center of the shaft. A switch to turn on this ceiling light was located on the north edge of the east brick wall of the shaft. There was a window in the south wall of the shaft, the bottom of which was several feet above the ground floor. The entrance to the building is from the west end, and from off the Tenth street dock. The top of this dock is about three feet above the street level, and level with the ground floor of the building. In the west wall of the building there are two sets of doors, each consisting of a large double door and a single door. Windows existed in the upper half of each of these doors, and a glass transom, semi-circular in design, was located over each door. At the time of the accident involved, all windows above mentioned were smoky and dirty, and no electric light in any of the outlets above mentioned was lighted. There was no automatic interlocking, or hold-down device, upon the shaft or elevator, and due to the lack of such device, the north panel gate in the shaft could be raised by hand, even though the elevator might not be at the ground floor.

On the morning of April 24, 1941, the plaintiff, and three or four other employees of defendant Johnson, were sum-

moned to the building by their employer for the purpose of unloading the contents of a box car into the building for storage. The building had been taken over by the war department of the United States from the tenant of the defendant owners, and was being used as a warehouse. The defendant Johnson, under a contract with said war department, furnished the labor to unload, from freight cars, materials sent to such building for storage. Upon arrival at the building, between 8 and 9 o'clock a. m., the plaintiff entered therein from the west end, and went directly to the elevator shaft. He raised the panel gate on the north side of the shaft by hand to above his head. The day was cloudy. No lights were lighted in the building. The plaintiff testified that his purpose was to walk across the elevator platform and open the steel doors in the south wall of the shaft. He could not see the bottom of the shaft, and it appeared to him that the platform of the elevator, which was dark in color, was level with the floor upon which he stood. He was feeling with his foot, to make sure of the presence of such platform, when his attention was attracted by some one calling. He testified that he then turned his head slightly, lost his balance and fell to the bottom of the shaft. The panel gate fell back into closed position. The platform of the elevator was in fact, at the moment of such fall, one or more floors above the ground floor. As a result of this fall the plaintiff was very seriously and permanently injured. He asks recovery in the sum of $100,000. It is well to add to this statement of facts, that plaintiff had worked in this building for about three weeks next before his injury, knew the location of light switches, and knew that the panel gate on the north side of the shaft and at the ground floor level could be raised by hand, even though the elevator was any place other than at such floor level.

One of the grounds of liability on the part of the defendant owners that is urged by plaintiff is the failure of such owners to equip the elevator shaft or elevator, with an interlocking device or hold-down latch, and thus to prevent the panel gate on the ground floor and in the north wall of

the shaft from being raised, except when the elevator platform was at such floor level. In his petition the plaintiff plead the provisions of section 344 of ordinance No. 11,416 of city of Omaha, which, he contends, required the installation of such a device in the shaft involved. This section appears to have been enacted in July, 1922. The evidence does not disclose when the elevator shaft was constructed. The plaintiff's petition alleges that the property was conveyed by deed in 1921, with no allegation relative to whether or not the shaft was then in existence. The answer of the defendant owners alleges that the elevator shaft was erected in the year 1920 substantially as it existed at the time of the accident involved. The provisions of the ordinance relating to such an interlocking device or hold-down latch, even if assumed to apply to a shaft such as the one involved, are not made retroactive by the terms thereof. It has been held by this court that a statute or ordinance requiring a safety measure will not be construed to act retroactively, unless made to do so by its terms. *Kerwin v. Thompson, Belden & Co.*, 110 Neb. 251, 192 N. W. 692. The plaintiff also predicates error upon the refusal of the trial court to admit into evidence the safety code adopted in 1937 by the department of labor, which he contends required such interlocking device or hold-down latch. It is the theory of the plaintiff that the alleged failure of the defendant owners to comply with the mandatory provisions of a statute, or ordinance, relative to a safety measure is negligence *per se,* and places the plaintiff within rules stated in the case of *Tralle v. Hartman Furniture & Carpet Co.*, 116 Neb. 418, 217 N. W. 952. We need not further discuss or decide the applicability of the ordinance or safety codes above mentioned, in view of the holdings hereinafter expressed upon another phase of this action. Even though both such ordinance and codes were applicable to the facts involved, and a violation thereof negligence *per se,* the holdings hereinafter made would remain unchanged. The exclusion of the safety codes from the evidence, if error at all, would be error without prejudice. In the absence of a

statutory provision to the contrary, contributory negligence that is more than slight on the part of the plaintiff may defeat recovery in an action by a third person against the absent owner of premises occupied by a tenant to recover damages alleged to have arisen on account of a dangerous condition on such premises, even though the existence of such condition is in violation of a statute, or ordinance, and even though such violation may be held to be negligence *per se*. *Vanderveer v. Moran*, 79 Neb. 431, 112 N. W. 581; 45 C. J. 980. It cannot be logically urged that the provisions of any statutory provision prevent applicability of the rules relating to contributory negligence to the facts of this case.

As has been stated, the plaintiff was well aware of the existence of the elevator shaft. He knew that the north panel gate on the ground floor could be raised upward, whether or not the elevator platform was at such ground floor level. He knew of the existence of the light switch on the north edge of the east wall of the shaft. He knew of the cloudy weather, the dirty windows, and of the semi-darkness in the room from whence he entered the shaft. The building involved was not designed for use by the public. It was a warehouse intended for use of the occupant and employees only. Even if it is assumed that the ordinance and safety codes above mentioned were applicable to the building and elevator shaft involved, and even if it is assumed that a violation thereof was negligence *per se* on the part of the defendant owners, can it reasonably be said by any one that the plaintiff was not guilty of any negligence contributing to the proximate cause of his injury, or that his negligence was not more than slight, or that the negligence of the defendant owners was gross in comparison to that of the plaintiff? We think not. If not, then the contributory negligence of the plaintiff bars his recovery as a matter of law. We are well aware of the rule requiring the evidence to be given that construction that is most favorable to the plaintiff, in adjudging the question of whether or not his contributory negligence bars his recov-

ery as a matter of law, and also well aware of our duty not to allow a verdict in his favor, if, as a matter of law, his contributory negligence bars his recovery. Cases in which contributory negligence was held to bar recovery as a matter of law in actions similar, in some respects, to this action are the following: *Wentink v. Traphagen,* 138 Neb. 41, 291 N. W. 884; *Gardner v. Metropolitan Utilities District,* 134 Neb. 163, 278 N. W. 137; *Kelley v. Luke,* 140 Neb. 283, 299 N. W. 593; *Kerwin v. Thompson, Belden & Co., supra; Sodomka v. Cudahy Packing Co.,* 101 Neb. 446, 163 N. W. 809. In some of the cases last above cited the plaintiff therein, prior to the time of his fall, was unaware of the existence of the pit into which he fell. It is true that in the case of *Tralle v. Hartman Furniture & Carpet Co., supra,* the owner of a building occupied by a tenant, under a condition such as we have assumed for the ordinance and safety code involved in this case, was held liable for damages arising from a condition created by violation of an ordinance. However, in that case, in the first place, the injured person did not know that the hammer was where it might fall, and, in the second place, the hammer was not caused to fall through any act of the injured party. Contributory negligence was not present. Here, the plaintiff is the author of his own injury.

It will be noted that, for the purpose of this opinion, we have assumed that both the ordinance and safety codes above mentioned are applicable to the facts of this case. We do not so decide. We have also assumed that a violation of either such ordinance, or codes, would be negligence *per se.* We do not so decide. No assumption more favorable to the plaintiff, with relation to such ordinance or codes, could be made. We have not seen fit to discuss the question of whether or not the lack of the hold-down latch above mentioned, with plaintiff's knowledge thereof, and with his knowledge of all conditions surrounding him, was any portion of the proximate cause of the injuries involved, or was, instead, a known and non-acting condition. We have not seen fit to discuss the difference between the du-

ties of a tenant occupying premises under lease, and those of the landlord owner who is out of possession. If the plaintiff may not recover under the assumptions of negligence on the part of the defendant owners herein made in his favor, there is not any necessity of discussing other questions that might otherwise be involved.

For reasons above given the judgment of the trial court is affirmed.

AFFIRMED.