Dorothy BROWN and William A. Brown, Plaintiffs-Appellants,

v.

SHAWNEETOWN FEED & SEED COMPANY, Defendant-Respondent.

No. 52172.

Missouri Court of Appeals, Eastern District, Southern Division.

May 12, 1987.

Motion for Rehearing and/or Transfer Denied June 9, 1987.

John L. Cook, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for plaintiffs-appellants.

Albert C. Lowes, Lowes & Drusch, Cape Girardeau, for defendant-respondent.

PER CURIAM.

Plaintiff Dorothy Brown brought an action for bodily injuries arising from a fall which occurred in the store of defendant Shawneetown Feed and Seed Co. Plaintiff William A. Brown, her husband, sought damages for loss of consortium. Plaintiffs appeal from a judgment entered pursuant to a jury verdict in favor of defendant. We reverse and remand.

On January 11, 1983, plaintiff Dorothy Brown drove to the Shawneetown Feed & Seed Co. to get a load of feed. She parked her truck behind the building near the loading area. She entered the office and walked up to the counter to get a ticket for the feed. As she waited for the ticket, she saw a large tractor-trailer feed truck pull off the scales and turn left toward the back of the building. Some months before, her truck had been damaged in the same loading area.

Dorothy Brown looked to her left and saw a window down a short hallway toward the back of the store. She testified that she was afraid her truck was in the path of the tractor-trailer and said to a clerk "Perhaps I could see out that window." In order to reach the window, she had to go through a doorway. On the door was a small "Private" sign. There was a "small flat space" but no landing on the inside of the doorway. A stairway began at the edge of the doorway and a handrail was located on the wall separating the office from the stairwell.

Dorothy Brown testified that she did not know the steps were there. There was conflicting testimony as to the condition of light at the time. Plaintiff Dorothy Brown took one step through the doorway, looking toward the window. When she took a second step, she fell into the stairway and was injured.

The parties stipulated, and the trial court agreed, that the case would be submitted under the instructions in use prior to *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983). It was expressly reserved, however, that the instructions be in accordance with the law as it existed when contributory negligence was an absolute defense.

Plaintiffs first claim error in the giving of Instruction No. 10.[1] Plaintiffs' counsel made extensive objections at trial, during the instruction conference. He preserved those objections in his motion for new trial and on appeal. Instruction No. 10 is as follows:

Your verdict must be for defendant on plaintiff Dorothy Brown's claim for damages if you believe: First, either:

plaintiff Dorothy Brown failed to keep a careful lookout, or

plaintiff Dorothy Brown entered an area clearly marked "Private," or

plaintiff Dorothy Brown failed to grasp hold of a handrail, and

Second, plaintiff Dorothy Brown, in any one or more of the respects submitted in Paragraph First, was thereby negligent, and

Third, such negligence of plaintiff Dorothy Brown directly caused or directly contributed to cause any damage plaintiff Dorothy Brown may have sustained.

Plaintiff Dorothy Brown contended at trial that she was walking toward a window and "didn't know there was any stairs there" until she fell. Although Mrs. Brown's original petition alleged that the defendant provided no handrail, she explained at trial that all she ever said to her lawyer at the time was "I didn't see any handrails."

---

1. Instruction No. 15 which was also submitted by defendant is identical except that it ran to the claim of William Brown. Our holding on Instruction No. 10 is also applicable to Instruction No. 15.

There is no evidence in the record to indicate Mrs. Brown knew that the handrail or stairs existed. She was not going to use the stairs, she was going to look out the window. Had she known of the stairway and while using it failed to grasp the handrail, defendant would have been justified in submitting a handrail instruction. In fact, defendant has offered no evidence that Dorothy Brown knew of the existence of the handrail or indeed *should have known* in view of the fact she was unaware of the presence of the stairway. Where an instruction is in the disjunctive there must be evidence to support all submissions else the giving of it is in error. *Concordia Lumber Co., Inc. v. Davis*, 696 S.W.2d 851, 854 (Mo.App.1985). Hence, the giving of the handrail submission of Instruction No. 10 was error.

Plaintiffs' next claim of error in giving Instruction No. 10 because the submission that Dorothy Brown entered an area "clearly marked Private" does not constitute a negligent act.

Defendant contends that the presence of a "Private" sign rises to the level of a warning of a safety hazard and, by ignoring its implications, Dorothy Brown failed to exercise ordinary care. We do not agree. Walking through a door marked "Private" may constitute an invasion of privacy but it is not a negligent act. There were no signs or symbols indicating that what was on the other side of the door was not a private office, employee lounge, or restroom rather than a flight of concrete steps. While it could change the status of a plaintiff from invitee to licensee or even trespasser, it does not constitute a negligent act. Defendant cites *Gardner v. Metropolitan Utilities Dist.*, 134 Neb. 163, 278 N.W. 137 (1938); *Wood v. Wood*, 8 Utah 2d 279, 333 P.2d 630 (1959); and *Hertz v. Advertiser Co.*, 201 Ala. 416, 78 So. 794 (1918). Those cases stand for the proposition that it may be contributorily negligent for a plaintiff to walk through a doorway into a dark or unfamiliar premises. That proposition is inapposite to the more narrow issue of whether walking through a doorway clearly marked "Private" is negligence. The giving of the "clearly marked Private" submission of Instruction No. 10 was therefore error.

Having found that the instruction given at trial was erroneous, we now consider defendant's contention that plaintiffs failed to make a submissible case. *See Grippe v. Momtazee*, 696 S.W.2d 797 (Mo. banc 1985). We have reviewed the record and resolve that issue in favor of plaintiffs. An extended opinion on that point would have no precedential value. Hence, it is denied pursuant to Rule 84.16(b).

We hold that the erroneous submission of Instruction No. 10 raises a substantial indication of prejudice to plaintiff. *See Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo. banc 1984). The case is therefore reversed and remanded for a new trial.